## In re IRMSCHER.

### Patent Appeals No. 5028.

Court of Customs and Patent Appeals.
July 3, 1945.

Louis Barnett, of New York City, for appellant.

W. W. Cochran, of Washington, D. C., (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

The subject matter of this appeal relates to a delivery counting method and apparatus for handling articles particularly tea balls which issue in rapid succession from a packaging machine. A folded string-handle is positioned against the flat side of each tea ball for conveniently arranging the tea balls in cartons for shipping.

In his decision on patentability of the claims in appellant's application for a patent, the Primary Examiner allowed claims 15, 16, and 17 for a specific intermittent conveyor apparatus; but rejected, as unpatentable over the prior art, claims 18, 19, and 38 also for the apparatus, and claims 31, 33 and 34 for the method of operating it. The action of the examiner was affirmed by the Board of Appeals and its decision is brought before the Court for review.

Of the appealed claims, No. 38, relating to apparatus, and No. 33, relating to method, are considered illustrative. They read:

"38. In combination with a delivery end of a machine for manufacturing packaged articles having a power-driven lift transfer mechanism for discharging said articles at a uniform rate from said mechanism, a counting-delivery device adapted to receive said articles comprising a conveyor on which said articles are deposited by said mechanism, and driving means for advancing the conveyor with said articles at a

uniform normal speed in timed relation to the transfer mechanism and for intermittently advancing said conveyor with said articles thereon at an accelerated speed over said uniform normal speed for segregating the articles being transferred in predetermined counted units on said conveyor to facilitate determining desired quantities without counting the individual articles, said mechanism and conveyor being so constructed and arranged to permit observation and determination of said desired quantities and the removal of groups of successive units thereof for packing and shipment.

"33. In a method of the character described the steps of moving completely manufactured packages in succession at a uniform rate, segregating said packages after said movement into groups of equally numbered packages with each group spaced apart sufficiently from others to indicate a predetermined count unit, observing and determining solely thereby definite quantities of individual packages comprising groups of said units, and manually removing said groups so observed and determined as being said definite quantities of packages for cartoning and shipping."

The references are: Brown 1,519,354 Dec. 16, 1924; McKee et al. 1,976,855 Oct. 16, 1934; Bleile 863,349 Aug. 13, 1907; Allatt 2,290,158 July 21, 1942.

Appellant indicated in his specification that his invention "may be constructed to operate like the bag transfer means shown and described in the Allatt patent." Appellant claims however, that due to the delivery transfer end of the mechanism disclosed in his application, instead of delivering tea balls individually for packaging as provided for in Allatt, appellant delivers them in segregated groups in overlapping relation, for example five tea balls in a group; so that the operator of the machine in the exercise of his faculties of observing and determining may thereby ascertain a predetermined number of the segregated groups and pick up and package them without counting the individual tea balls and without further appraisal of the number of the segregated groups.

Appellant submitted evidence to establish that the elimination of counting as provided for in the appealed claims resulted in approximately a three-fold increase in the possible output in the number of tea balls that can be packaged per minute by the operator of a machine for packaging tea balls. Appellant urges here that his provision of a method and improved combination for packaging tea balls has been and is proving an immediate success which should be persuasive evidence of patentable invention.

Relative to the appealed and allowed claims, a statement is made in appellant's brief to the following effect: "Referring now to the applicant's specifications and drawings, the invention accomplished the improved results by providing the conveyor belt 15 (Figs. 1 and 2), which receives the finished tea balls 14 with the folded string-handles 14a issuing successively at a uniform rate from the delivery end of machine 10, that is, from the transfer means 13, with a suitable drive so that successive tea balls 14 will be deposited on the belt 15 in segregated groups and in overlapping relation with the folded string-handles intact. The drive for belt 15 produces cyclic intervals of belt movement which momentarily drives the belt 15 at a higher speed to create spaces between said groups of segregated tea balls. The specific structural mechanism construction for causing this particular cyclic belt movement forms the subject-matter of the allowed claims 15, and 16 and 17."

It may be here noted that the invention embodied in the specific construction of the belt advancing elements defined in the allowed claims when used in connection with the machine as shown in Allatt entitled appellant upon due proceedings had to a patent for a work-performing machine which in its normal and usual operation may be utilized to deliver tea balls in predetermined segregated groups in overlapping relation so that the operator of the machine may pick up a number of such groups and place them in a package ready for shipping.

What appellant seeks to obtain by this appeal is the allowance of additional claims for apparatus, such as defined in claim 38, which provides for a combination of elements, "some of which," he contends "are old in the art." He seeks further the allowance of claims for method; such as defined in claim 33, which, so far as pertinent to the issue, provides for "observing and determining solely thereby definite quantities of individual packages comprising groups of said units, and manually removing said groups so observed and determined as being said definite quantities of packages for cartoning and shipping."

Appellant insists also that the limitation in claim 34, "in which the groups observed and removed are limited to a maximum of five units in number," is a critical limitation which defines patentable invention.

■ Although appellant contends here that his use of old elements does not negative invention of the combination claimed, it is noted that in the arrangement and operation of the elements defined in the patent to Brown, units of material issuing from a work-performing machine are delivered at a uniform rate on the conveyor belt in a series of groups each of which comprises a predetermined number of units in overlapping relation ready to be packaged and shipped. It is also true, as described in the brief for the Solicitor of the Patent Office, that: "The patents to Bleile, No. 863,349 (R. 44), and McKee et al. (R. 60), show machines in which material is fed uniformly to a conveyor which is moved irregularly to place the material in spaced piles. In Bleile this material is dough, while in McKee et al. it is slices of meat. These patents, which are similar to Brown, are merely cumulative and need not be considered in detail."

The patent to Allatt discloses a power-driven lift transfer mechanism designed to have the same place and function in the combination as the lift transfer mechanism described in the appealed claim. It is therefore clear that claim 38 merely defines a combination of elements disclosed by the references such as Allatt and Brown.

The limitations of claims 18 and 19 define an apparatus the details of which provide for no special co-action with those of the spacing conveyor and the claims are therefore unpatentable over the cited references. The counter mechanism recited in claim 19 is but a conventional expedient the addition of which does not produce a new and patentable combination.

The combination defined in the appealed claims relative to apparatus discloses a conveyor which operates in the same manner after it receives the articles as the conveyor disclosed in the references, regardless of the nature of the articles or the manner of placing them on the conveyor. In the absence of an otherwise patentable concept, appellant's combination is definitely not a matter of invention and the Board of Appeals was manifestly right in so holding.

Relative to the method claims, appellant contends that the references, such as Brown, do not contain the limitation of "observing and determining solely thereby definite quantities of individual packages" and "manually removing" them for packing, and therefore such limitations are not anticipated by the prior art.

It is noted however that the arrangement in Brown contemplates the delivery of a predetermined number of units in each group to eliminate the necessity of counting and to facilitate their removal for packing. In this connection, Brown provides: "By means of the present invention the slices from a stacker of any well-known form, such as that shown in the patent above referred to, are received upon a traveling conveyer which moves intermittently so that the slices are arranged in offset or overlapping relation and the slices thus arranged may be divided into separated groups, which can be varied in size, to permit wrapping in bundles or packages."

It is obvious that Brown permits and contemplates the exercise of the faculty of observing and thereby determining the desired quantities of groups and their manual removal for packing, and the Board of Appeals was right in holding not only that no patentable invention was involved in such limitation of the appealed claims, but also that the exact number of units picked up by an operator for removal to a package was obviously no more than a matter of choice.

■ Assuming without holding that the evidence submitted by appellant established approximately a three-fold increase over the disclosure of the prior art in the possible output in the number of tea balls that can be packaged per minute, it does not follow that appellant is entitled to a patent. An improvement which results in no more than is to be expected from one skilled in the art does not constitute invention and where lack of novelty and invention are clearly shown, no legal significance can be attached to the fact that utility and commercial success were accomplished by the efforts of an applicant for a patent. See Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 90–92, 62 S.Ct. 37, 86 L.Ed. 58.

Appellant has assumed here, as the examiner and the Board of Appeals seem to have assumed, that the method claims are

limited to a simultaneous removal of several groups of the balls from the conveyor as "by a quick motion of the hand." The appealed claims do not contain a specific limitation to that effect, but if they did, no invention is involved in picking up a number of articles at a time.

Other points raised by appellant do not require statement and discussion in this opinion since the record fully warrants the rejection of the appealed claims, and the affirmance of the decision of the Board of Appeals.

Affirmed.