33 C.C.P.A.(Patents)

## In re PHIPPS.
### Patent Appeal No. 5104.

Court of Customs and Patent Appeals.

March 4, 1946.

J. Calvin Brown, of Los Angeles, Cal. (Lee L. Townshend, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in finally rejecting the only claim presented in appellant's application for a patent for improvements on a cross roller bit particularly designed for use in boring oil wells.

The rejected claim reads: "11. In a roller cutter construction, a frusto-conical cutter body, two series of parallel rows of narrow teeth transverse to the axis of the cutter body, each series extending semi-circumferentially around the body on opposite sides and starting from the smaller end thereof, said rows of teeth of each series being spaced by grooves of equal width to the base width of a row of teeth, the parallel rows of teeth of each series being offset with respect to each other and each row being in full end alinement with the corresponding grooves of the other series, cutting edges on said teeth extending transversely to the cutter body axis, and a continuous row of teeth around the larger end of the cutter body with cutting edges substantially parallel with the cutter body axis."

The concurring decisions of the Primary Examiner and the Board of Appeals held that the appealed claim defined no patentable invention over these references; Scott 1,480,014 Jan. 8, 1924; Rogatz 2,027,700

Jan. 14, 1936; Catland 2,248,339 July 8, 1941.

After the decision was rendered by the examiner, two affidavits were submitted by appellant for the consideration of the Board of Appeals. These affidavits are to the effect that Catland and Rogatz are paper patents neither of which has been put to use by the industry, while the structure disclosed by appellant under actual use has proven to be practical and commercially successful.

These affidavits further allege that the conventional cross roller bits or cutters as depicted by the patent to Stancliff, No. 1,998,793, do not positively rotate in all formations thereby necessitating frequent replacement of the cutters by reason of the rapid wear and tear of the teeth.

Appellant asserts that it is new with him to provide a cutter construction in which the teeth are so formed as to assure positive rotation of the cutter when engaging formation.

It will be noted that the structure defined in the appealed claim calls for "a continuous row of teeth around the larger end of the cutter body with cutting edges substantially parallel with the cutter body axis." According to appellant's specification, the arrangement of the teeth on the cross roller cutter defined in the claim is to assure that the teeth are maintained clean at all times during the cutting operation.

The patent to Catland relates more particularly to a cross roller cutter for use on rotary well drilling tools. The cutter body illustrated in the drawing and described in the specification is rotatably supported on the bit or well tool so that it may rotate about its own axis through contact with the earth formation. As the cutter body rotates the successive series of teeth, which "are longitudinally staggered and, therefore, cannot track in their action," cut away the earth formation.

The grooves defining the ends of the teeth in Catland are straight and lie in planes normal to the axis of rotation of the cutter "so that jets of circulation fluid directed at right angles to said axis may fully flush out the grooves to prevent balling up of the cutter."

The patent to Rogatz shows a cutter for roller boring drills used in drilling wells, particularly oil and gas wells. The disclosure, like appellant's provides for continuous rows of teeth at the larger end of the cutter with cutting edges substantially parallel with the cutter body axis together with grooves therebetween equal in width to the base width of the teeth.

The patent to Scott relates to self-cleaning roller drills used in drilling wells for water, oil, gas, etc. The invention is particularly applicable to drills adapted to work in hard formation. This disclosure, like appellant's, shows a continuous row of teeth at the larger end of the cutter body, which teeth have cutting edges extending parallel with the length of the rollers. Other teeth in Scott's disclosure, like appellant's, have cutting edges which extend transverse of the length of the rollers.

The Board of Appeals held that Catland appears to meet every element of the appealed claim except as to its specific arrangement of teeth. On that issue the board held further that since both Rogatz and Scott, as hereinbefore described, disclosed a continuous row of teeth at the larger end of the cutter with cutting edges substantially parallel with the cutter body axis; and since Rogatz shows grooves between the rows of teeth of substantially the same width as the base width of the teeth, and Scott shows other teeth having cutting edges transverse to the cutter body axis, the appealed claim defined no patentable invention over the cited references.

It is true, as appellant points out in his brief, "Not a single one of the reference patents shows the combination called for by the claim of appellant here on appeal." That fact, however, is not decisive of the question here in issue. Rule 66 of Rules of Practice in the United States Patent Office provides that the examiner upon the rejection of an application for want of novelty, must cite the best references at his command; and when the reference shows or describes inventions other than that claimed by the applicant, the particular part relied upon must be designated by the examiner as nearly as practicable.

Appellant has presented no authority, and we know of none, which holds that the patentability of a claim must be fully met in a single reference. It is proper and frequently necessary to consider a number of references in determining the patentability of the combination called for by a claim. The pertinence of any reference is dependent upon whether or not it would suggest to any person skilled in the

118

art to do the thing which the applicant has done; and the same is true in considering more than one reference, or a reference alleged not to be in the particular art. In re Fridolph, 134 F.2d 414, 30 C.C.P.A., Patents, 939; In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823.

Appellant objects to the inventions of Catland and Rogatz as patents "of the paper variety" which have neither been produced nor used in the field. That objection, raised by appellant for the first time after an adverse decision by the examiner, is without merit. There is no proof in the record establishing the fact that the patents in question are inoperative or that they disclose any defect that could not be removed by mere mechanical skill without the exercise of the inventive faculty. See Pickering v. McCullough, 104 U.S. 310, 319, 26 L.Ed. 749.

A prior patent is not to be disregarded as a reference merely because it discloses an invention that is not as effective as the one claimed by the applicant. Such a patent is just as effective as an anticipation "as though it had entered into the very life blood of the industry." Western States Machine Co. v. S. S. Hepworth Co., 147 F.2d 345, 350.

Moreover, the facts set forth in the two affidavits submitted by appellant for the consideration of the Board of Appeals are not entitled to consideration here for the reason that they were not presented during the prosecution of appellant's application before the examiner and were not considered by the board.

A patent may be allowed for a new combination of old elements where the faculty of invention is exercised in the combining of such elements to bring about a new mode of operation and produce a new and useful result. In re Stover, supra. However, where lack of novelty and invention are clearly shown, as here, no legal significance can attach to the fact that utility and commercial success were accomplished by the efforts of an applicant for a patent. In re Irmscher, 150 F.2d 705, 32 C.C.P.A., Patents, 1259.

The record in the case at bar discloses that what appellant has done would be obvious to any person skilled in the art and therefore the decision of the Board of Appeals is affirmed.

Affirmed.