34 C.C.P.A.(Patents)

### Application of RAY.
### Patent Appeal No. 5300.

Court of Customs and Patent Appeals.
April 22, 1947.

Rehearing Denied May 29, 1947.

John Flam, of Los Angeles, Cal. (I. R. Paris, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all claims, 9 to 22, inclusive, in appellant's application for a patent for alleged "new and useful improvements in Fluid Control Valve."

Claim 9 is illustrative—

"9. In a fluid control valve adapted for use under conditions of vibration that normally would cause intermittent relative movement of its fluid-controlling elements and resultant leakage: a casing having a passage therethrough provided with a valve seat; a closure structure having a surface cooperable with said seat; spring means normally holding said closure structure in tight engagement with its seat; the weight of said closure structure being so small, and the force of said spring means being so much greater than the force produced by the weight of the closure structure, that vibration of the valve is ineffective to produce appreciable relative movement of the closure structure and its seat; and controllable means for raising the closure structure from its seat against the force of said spring means."

The references are:

Wise (British), 16,513, of 1907.
Cochrane, 1,414,339, May 2, 1922.
Spreen, 1,568,195, January 5, 1926.
Gallup, 2,074,724, March 23, 1937.

Electromagnetically operated fluid control valves of the general structure defined by the rejected claims are admittedly very old in the art.

Appellant's valve structure, however, is especially intended for use where it is subjected to intense vibration, such as may be encountered in an airplane, and appellant has provided a structure to ensure that the valve closure will remain seated when the valve is closed, despite the intense vibration of the machine upon which the valve is employed.

The structure by which the desired result is attained, according to appellant's specification, comprises a valve casing having an inlet and outlet separated by a partition, the raised horizontal portion of which is provided with an annular knife-edged valve seat.

A thin disk-shaped closure made of magnetic material normally tightly engages the cooperable valve seat by the force of a contractile spring, which spring is secured at its opposite ends by lugs attached respectively to the underside of the closure disk and the bottom side of the casing.

An electromagnet for operating the closure structure is mounted on the casing, and the closure member can be lifted from its seat by energizing the coil of the electromagnet, thereby opening the valve.

The force of the biasing spring is 25 times the weight of the closure disk, and appellant contends that by thus proportioning the relative forces of gravity and of the spring, the intense vibrations can be withstood without interfering with the proper operation of the valve.

The patents to Cochrane and Gallup were cited by the examiner merely to show examples of valves actuated by inertia and vibration.

The construction of an electromagnetic valve is disclosed by Figure 3 of the British patent to Wise and described in the specification thereof. The valve body has proper inlet and outlet ducts, a partition having a valve seat in its upper portion, a valve disk secured to an iron armature, and a metal spring which holds the valve disk on its seat. The valve disk is moved from its seat against the action of the spring when the magnetic coil is energized thereby opening the valve. The metal spring is secured to the underside of the valve disk by a brass retaining ring fastened in place by screws which enter the armature.

The patent to Spreen relates especially to compressors used for automatic refrigerating machinery, although not restricted to such use. Very light valve members are employed to restrict the movement of such members to a very small degree. The valve closure consists of a flat disk of thin, circular, sheet metal. The patentee specifically states by way of emphasis that the disk is "preferably made of extremely small thickness and weight." One coil spring presses downwardly upon the valve disk; the "stiffness" of the spring "being made only sufficient to return the valve disk promptly to its seat."

The examiner held that the patent to Wise disclosed every element defined by the rejected claims and in so holding considered the ratio of the force produced by the spring to the force exerted by the weight of the disk, as defined by certain of the appealed claims, to be nothing more than a question of degree and choice. The examiner furthermore held the the patent to Spreen disclosed a valve disk of "maximum" lightness held in place by a spring which obviously exerted a force much greater than that of the weight of the valve.

The Board of Appeals affirmed the decision of the examiner and stated that while the patent to Wise did not describe a disk of light weight, it was a matter of common knowledge that disk valves are usually made of thin metal as shown by the patent to Spreen. The board also held that the patent to Wise disclosed the use of an electromagnet for opening the valve, as defined by certain of the rejected claims.

The board further held that all the rejected claims appear to read directly on the patent to Spreen, pointing out that the means disclosed by the patentee for opening the valve would be the pressure created by the piston of the compressor, and that the relative strength of the springs disclosed by Spreen for seating the valve, while not stated, is apparently many times greater than the pull of gravity.

The question here in issue is whether the ratio of the spring force to the force of gravity acting on the valve closure defined by the rejected claims lends invention to a valve that otherwise may be of conventional form.

Appellants contend that the board erred in failing to find that the prior art does not teach the unobvious arrangement and the novel and unexpected results of the combination, defined by the claims at issue, of a valve closure of small weight with a spring, the force of which is many times that of gravity acting on the closure.

Appellant argues that a light weight valve closure coupled with a light spring would bounce and vibrate on its seat when it is subjected to the extreme vibration of an airplane, for example, when recovering from or going into a dive; and to ensure that the valve closure will remain seated when the valve is closed, in spite of these intense vibrations, the ordinary person skilled in the art would obviously increase the weight of the closure in the hope that the closure by its sheer weight would remain seated. The import of appellant's argument is that such is the teaching of the cited art of record.

Appellant urges that he has found the unobvious solution of the important problem hereinbefore described by making the closure light in weight and utilizing a strong spring pressure to hold the closure against the seat of the valve. This, he contends, is exactly contrary to the remedy that would be applied by a person skilled in the art after an examination of the cited references, and therefore invention lies in the concept and the means for carrying it into effect as defined by the rejected claims.

The patent to Spreen, as hereinbefore noted, describes a valve structure having a disk or closure of extremely light weight metal and that a spring is employed to return the disk or closure promptly to its seat and hold it there under disturbing conditions which may be caused by the machine with which the valve is employed. There is no teaching in the patent to increase the weight of the disk or closure and thereby cause the closure to remain in its seat.

On the contrary, a stiff spring is provided by the patentee which causes the disk to return promptly to its seat under such circumstances. The degree to which the spring shall be stiffened by a person skilled in the art in order that the spring may accomplish its intended function, is such a degree of stiffness as may be sufficient to return the valve disk promptly to its seat in the event that the disk or closure bounces on its seat when subjected to vibration.

It is clearly apparent that appellant has defined by the rejected claims no patentable difference in structure over the combined disclosure of the cited references and that the ratio of the spring force to the force of gravity acting on the valve closure, as claimed by appellant, may be effected by a person skilled in the art after an examination of the teachings of the art of record.

The results disclosed by appellant are no more than may be expected from a person skilled in the art without exercise of the inventive faculty and where, as here, lack of novelty and invention are clearly shown, no legal significance can attach to the fact that utility and commercial success were accomplished by appellant's efforts.

In re Irmscher, 150 F.2d 705, 32 C.C.P.A., Patents, 1259.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.