41 C.C.P.A.(Patents)
## Application of FLICK et al.
### Patent Appeal No. 5994.

United States Court of Customs and
Patent Appeals.
Feb. 3, 1954.

Rehearing Denied March 23, 1954.

Bernard A. Schroeder, Chicago, Ill.
(Thomas L. Mead, Jr., Francis C.
Browne, Washington, D. C., and Schroe-
der, Merriam, Hofgren & Brady, Chi-
cago, Ill., of counsel), for appellants.

E. L. Reynolds, Washington, D. C. (H.
S. Miller, Washington, D. C., of counsel)
for the Commissioner of Patents.

Before GARRETT, Chief Judge, and
O'CONNELL, JOHNSON, WORLEY
and COLE, Judges.

JOHNSON, Judge.

This is an appeal from the decision of
the Board of Appeals of the United
States Patent Office affirming the action
of the Primary Examiner in finally re-
jecting claim 15, the only claim of appel-
lants' application, Serial No. 772,940, for
a patent on a "Piston Rod Seal."

The appealed claim reads as follows:

"15. A leak-proof seal, for a pis-
ton rod adapted to reciprocate
through the head of a pressure cyl-
inder, comprising: a flexible pack-
ing having an axially extending
sleeve portion provided with a bore
to make a close sliding fit with a pis-
ton rod for substantially the entire
length of said packing, the front of
said sleeve portion being beveled ex-
ternally and forming a sharp an-
nular lip at the front end of the
bore; a pressure ring having a cyl-
indrical bore which exceeds the dia-
meter of the bore in the packing by
less than .003 of an inch and having
a rear internal bevel making an an-
gle with respect to the axis of the
bore which is a few degrees great-
er than that of the packing bevel;
and a spring for yieldingly urging
the beveled portion of said ring
rearwardly against the end of the lip
of said beveled portion of said pack-
ing."

The references relied on are:

Gits       2,021,414   Nov. 19 1935;
Hunt       2,071,204   Feb. 16, 1937.

Appellants' alleged invention, as is apparent from the quoted claim, is for a leak-proof oil seal for a reciprocating piston rod. The seal comprises a flexible packing member, usually leather, having an axially extending bore which makes a close sliding fit with the piston rod. The forward edge of the packing is beveled externally to provide a thin annular lip. A ring is positioned over the piston rod with a clearance of less than $\frac{3}{1000}$ of an inch and is provided with an internal bevel which is slightly larger than the bevel of the packing. The larger bevel of the ring, which is forced against the packing by a spring, holds the lip tightly against the outer surface of the rod. The spring which forces the ring against the packing is preferably a wave spring, which may be pretensioned to any degree. Appellants have submitted an affidavit in which it is stated that the seal is effective for pressures in excess of 5,000 pounds per square inch.

The Gits patent relates to oil seals for rotating or reciprocating shafts or rods. The patent discloses an oil seal comprising a packing that is arranged to be spaced away from the shaft or rod and is tapered inwardly so that only the outer marginal edge is in contact with the shaft or rod. The edge of the seal is held against the shaft or rod by means of an axially shiftable ring which has a frusto-conical portion which bears against the tapered rim of the packing member. The ring is pressed axially, to contact the rim of the packing, by a plurality of springs. From an inspection of the drawing it is obvious that the taper of the frusto-conical portion of the ring is greater than the taper of the packing. The packing and the ring are designed so that there will only be a line contact between the packing and the shaft or rod.

The patent to Hunt relates to valves for pressure lines utilized in transmitting air, water, oil or other fluids under pressure. The valve may be operated either by longitudinal movement or by a combined rotary and longitudinal movement. In general terms the device of Hunt includes a by-pass valve body, a valve sleeve, packing means interposed between the valve body and the valve sleeve, and spreader means engaging the packing means to urge it toward a sealing position at all times. In its rejection, the Patent Office relied on Figure 8 of the Hunt patent. Specifically, this figure discloses a fragmentary sectional view of a valve in which the valve body is surrounded by a valve sleeve. Interposed between the valve body and valve sleeve is a u-shaped packing ring, the inner annular flange thereof having its outer edge beveled. A spreader ring, having a cylindrical bore substantially exceeding the bore of the packing, surrounds the valve body and is forced into the open portion of the packing ring by a compression spring. The portion of the spreader ring that engages the packing ring is beveled to conform to the beveled edge of the packing ring. In this manner the inner annular flange of the packing ring is yieldingly urged into sealing abutment with the valve body by the beveled edge of the spreader ring.

Appellants' single claim was rejected as unpatentable over the disclosure of Hunt in view of the disclosure of Gits. It was held by the examiner that no invention was required to make the bevel of the spreader ring and packing ring of Hunt taper to a sharp edge, with the taper of the spreader ring slightly greater than the taper of the packing ring, in view of the teaching of the Gits patent. The examiner admitted that there was no disclosure of the amount of clearance between the pressure ring and the axially movable shaft or rod, as required by appellants' claim, i. e., "less than .003 inches," but held that this was a mere matter of degree and not a patentable distinction. The Board of Appeals agreed with the examiner and affirmed his rejection.

Appellants argue that the combination of references relied on by the examiner and the Board would not produce the structure specified in the claim. Apparently, it is the appellants' view that to make the combination one must substi-

tute the pressure ring of Gits for the pressure ring of Hunt and the packing of Gits for the packing of Hunt. Then they go on to argue that this combination would not have a pressure ring with a cylindrical bore nor a packing that makes a close sliding fit with the rod for substantially its entire length.

If the combination suggested by the examiner and approved by the Board were as stated by appellants then we would be inclined to agree that the combination did not meet the claimed structure. However, we cannot agree with appellants' interpretation of the combination as applied by the examiner and the Board against the claim. The combination does not call for the substitution of some parts from one reference for those of the other reference. Instead, it is based on the application of the teaching of one reference to the disclosed structure of the other reference.

Specifically, Gits teaches the construction of an oil seal in which the packing is beveled to form a sharp annular lip and is held in contact with the shaft or rod by means of a pressure ring having an internal bevel greater than that of the packing. It is this teaching which is applied to the oil seal of Hunt. Hunt discloses an oil seal in which the packing has a beveled edge, but the beveled edge does not form a sharp annular lip, and the packing is forced into contact with the rod by a pressure ring having an internal bevel equal to that of the packing. In applying the Gits teaching to the Hunt structure one would increase the bevel of Hunt's packing so that it would form a sharp annular lip and increase the bevel of the pressure ring to a greater angle than the packing. That this is the combination intended by the examiner and the Board is clear from the following excerpt from the Board's decision:

"The Examiner has held that it would be within the scope of mechanical skill to form the bevel of Hunt's packing sleeve with a sharp edge and the pressure ring with a greater angle than the bevel of the sleeve as shown by Gits."

We are of the opinion that such a combination is obvious from a consideration of the references. It is not necessary that the parts of the device disclosed by one reference be capable of being incorporated bodily into the device disclosed by the other reference. It is sufficient to negative patentability if the prior art clearly suggests to one skilled in the art the particular arrangement specified in applicants' claim. In re Landrock, 36 C.C.P.A., Patents, 1090, 174 F.2d 325. In our opinion the combination clearly meets the claimed structure, except for the specific clearance of the pressure ring. However, we think it manifest that there must be some clearance between the pressure ring and the rod so that the rod can move freely through the ring. It is also obvious, especially in view of the disclosure of the Gits reference, that the smallest diameter of the pressure ring must be such that it will hold the sharp annular lip of the packing in sealing contact with the rod. Therefore, we must conclude that the clearance is dictated to a great extent by the specific structure of the oil seal and that there is no invention in the value specified by appellants over the combination applied against their claim. Any difference in the clearance would only be a matter of degree and not a patentable distinction.

Appellants also argue that the Gits patent is for a "no-pressure oil seepage seal" and therefore, cannot be combined with the Hunt patent. This argument is directly contrary to the teaching of the Gits patent, which states, p. 2, col. 1, ls. 21–25:

"It is this feature of the improved seal that makes practical its application to reciprocable rods such as the piston rods of shock absorbers and the like *where oil is employed under pressure.*" (Emphasis ours.)

However, even were appellants correct in their contention that the Gits reference was only concerned with oil seepage where no pressure was involved, this would not negative its use as a

reference. It is well settled that the pertinence of a reference depends on whether it would suggest to one skilled in the art to do what appellants have done. This is also true when considering a reference alleged not to be in the analogous art. In re Fridolph, 30 C.C.P.A., Patents, 939, 134 F.2d 414; In re Phipps, 33 C.C.P.A., Patents, 861, 154 F.2d 116. It is our opinion that the Gits patent would suggest the modification of the Hunt device as stated in the rejection by the examiner and the Board.

We have carefully considered all of appellants' arguments and do not think it necessary to review them further in this opinion. For the reasons hereinbefore stated the decision of the Board of Appeals is *affirmed.*

Affirmed.

WORLEY, J., dissents.